UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

JAVIER E. JIMENEZ,                          :       06 CV 15255 JUDGE CASEY

        Plaintiff,                          :       COMPLAINT AND
                                                    JURY TRIAL DEMAND
    -against-                                  :

THE CITY OF NEW YORK,                       :

        Defendant.                          :

-------------------------------------------------x

RECEIVED DEC 1 8 2006 U.S.D.C. S.D. N.Y. CASHIERS

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, and the Civil Rights Act of 1866, the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 628 and 634 to correct unlawful employment practices on the basis of Race and Age. Plaintiff also pleads the New York City Civil Rights Act, "Specifically Intro 22A"City of New York Human Rights Act, and to make whole Javier Jimenez.

During his employment with the City of New York, specifically with the Department of Housing Preservation and Development in New York City, Plaintiff Javier Jimenez was subjected to severe and pervasive racial and gender discrimination and discrimination on the basis of age, as well as a hostile work environment. Said illegal discriminatory behavior continues through the filing of this complaint.

Plaintiff has continually been passed over for promotions, due to his race and age; said positions have been given to a <u>younger</u>, less experienced, <u>white males and white</u>

<u>females</u>. Said discrimination occurred solely because of Plaintiff's race and age.

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to 28 U.S.C.A. §§ 1343 and 1343(4) and 42 U.S.C.A. § 1981; this being a proceeding seeking to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 and the Human Rights Law of the City of New York, specifically "Intro 22A".

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2261 and 2262, this being an action for Declaratory Judgment declaring illegal the acts of Defendant complained of herein.

## PARTIES

4. Plaintiff, Javier Jimenez, is a 51-year-old Puerto Rican-American born in San Turce, Puerto Rico. Plaintiff resides in Brooklyn, and has resided in New York over 28 years.

5. Defendant is a municipal corporation, incorporated in New York State. The City of New York is a corporation doing business in New York State and is responsible for implementing the City's employment policies and regulatory practices. Thus, they are ultimately responsible for the unlawful practices complained of herein.

They are being sued in their official corporate capacity as provided in 717(c), 42 U.S.C. § 2000e-16(c).

6. Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

7. At all relevant times relevant to this action, Plaintiff was and is employed by the City of New York. As such he is an employee in the meaning of Title VII.

## **FACTS GIVING RISE TO RELIEF**

8. Plaintiff has been employed by the City of New York in the Office of Housing Preservation Development for the past 14 years. He is presently the Deputy Director of Special Projects at the Division of Anti-Abandonment (now known as the Division of Neighborhood Preservation).

9. Plaintiff has been an Associate Staff Analyst for the past 13 years. In 2005, Plaintiff's civil service title changed to Administrative Staff Analyst non-managerial. This was not a promotion.

10. In 2002, Plaintiff's direct supervisor, Jan Sanifor, was transferred to a different division. All of his duties were given to Plaintiff, without the benefit of a title change or a raise.

11. Since 2001, Plaintiff has applied for over 44 postings for job placements (see Exhibit 'A'). He has been interviewed two times out of 44 times. In each instance,

Plaintiff has been over qualified and in each instance these jobs have gone to *less* qualified, younger white men or women.

12. Plaintiff was more qualified than any of the individuals who were appointed.

13. The majority of these individuals have been appointed from outside HPD.

14. Plaintiff has been forced to do the job of these individuals who were selected specifically:

> **Posting** 806-06-532 – (Director of Planning);
>
> Plaintiff was forced to train Ben Chelaj for this position.
>
> **Postings** 806-05-046, 806-03-024, 806-05-132 – Third Party Transfer Program. Plaintiff was forced to prepare materials for these individuals so they could perform their duties.

15. Plaintiff was forced to translate documents for the tenant meetings and documents for the Third Party Transfer Programs. Once HPD hired a translator, this individual could not do the work and Plaintiff had to do her work.

16. Consequently, the City had already decided to select the individuals who received these positions *before* they even completed their process.

17. Plaintiff was never interviewed with the two exceptions mentioned.

18. Plaintiff has performed his work in a superior fashion and have received outstanding evaluations. It appears that Plaintiff was not interviewed or given any of

these positions because the City's selection process was a sham . . . and was not ever intended to be an open fair selection process except for said young, white males, and young, white females.

19. Plaintiff is obviously being precluded from promotions at his Department, which is not based on an objective selection process.

20. Plaintiff pursued a compliant with the Equal Employment Opportunity Commission. He received a "Right to Sue Letter" which was mailed to him on September 27, 2006. He received said letter on October 4, 2006. Plaintiff files his timely law suit in accordance with said "Right to Sue Letter" (see Exhibit 'B').

21. Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

22. At all relevant times relevant to this action, Plaintiff was and is employed by the City of New York. As such he is an employee in the meaning of Title VII.

## CAUSE OF ACTION

## COUNT ONE

(For Racial Discrimination in Failing to Promote Plaintiff and Failure to Provide Equal Opportunity in Promotions in Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.)

23. Plaintiff re-alleges the allegations of ¶¶ 1-22 and incorporate them by reference herein.

24. Defendant, by their supervisors and managers, and other subordinate employees, undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff on the basis of his Race, as alleged herein, including but not limited to creating an intimidating, hostile, and offensive work environment. These actions constitute Racial Discrimination, Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.

25. Defendant, by the supervisory and management staff employees of the City of New York Department of Housing Preservation and Development, located in New York undertook the actions alleged herein intentionally and in wanton disregard for Plaintiff's constitutional and statutory rights.

26. These practices and employment policies unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of his employment based upon his race and ultimately caused him to be "discriminated" in his employment.

## CAUSE OF ACTION

## COUNT TWO

(Cause of Action for Discrimination in Discrimination of Employment in Violation of Title VII of the Civil Rights Act of 1964 as amended. 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1231 and 1343(4).)

27. Plaintiff re-alleges the allegation of ¶¶ 1-26 and incorporate them by reference herein.

28. Defendant, by their supervisors and managers undertook a course of

discriminatory, retaliatory and harassing treatment against Plaintiff by giving numerous positions to individuals up to approximately twenty four (24) years younger than him and keeping Plaintiff in the same position, as a pretext, which enables Defendant to keep him in the same position under the guise he was not as qualified for the promotion as the person who ultimately received it.

29. By engaging in the foregoing conduct Defendant has violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4).

30. By acting as described herein, Defendant acted with malice or reckless disregard for Plaintiff's civil rights causing Plaintiff to undergo an intimidation, hostile and offensive work environment causing Plaintiff monetary damages and emotional injuries and numerous other injuries.

## CAUSE OF ACTION

## COUNT THREE

(Pleading a Cause of Action for Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634.)

31. Plaintiff repeats and re-alleges the allegations of ¶¶ 1-30 and incorporates them by reference.

32 Plaintiff has been discriminated on the basis of Age by the Defendant in violation of the Age Discrimination in Employment Act (29 U.S.C.A. § 621) by Defendant's engaging in a course of conduct which included: failing to promote Plaintiff

after years of uninterrupted and competent service, giving all promotions to various individuals up to 25 years his junior.

33   Each position Plaintiff applied for was given to individuals, some right out of college, without any experience. Plaintiff has had an exemplary career. He has 14 years experience in HPD, has all his credits for his Ph.D., and speaks fluent Spanish. Plaintiff has not even been interviewed for any of these positions save two, which he did not receive.

34.   Plaintiff is still in his same grade.

35.   The entire job postings and job searches have been shams and pretexts for the City's determination to hire young, white individuals, at the expense of older minority City workers.

36.   Plaintiff has performed his duties and was given very good evaluations and also has performed supervisory duties, thus making him more qualified to handle managerial duties.

37   Plaintiff has been unable, despite reasonable efforts, to get any promotions.

38   As a proximate result of Defendant's age discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of future earnings, bonuses, deferred compensation, and other employment benefits.

39.   As a further proximate result of Defendant's actions, Plaintiff has suffered

and continues to suffer severe lasting embarrassment, humiliation and anguish, monetary and other incidental and consequential damages and expenses.

40. The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages, even though they are a municipality.

## CAUSE OF ACTION

## COUNT FOUR

(Discrimination Based on the City Human Rights Law, Specifically under Intro 22A, the Local Civil Rights Restoration Act.)

41. Plaintiff re-alleges the allegations of ¶¶ 1-40 and incorporates them by reference therein.

42. Plaintiff asserts jurisdiction based on the City of New York's Civil Rights Act. Specifically Intro 22A provides the Court with the ability to expand any jurisdiction, which may be constricted by the state and federal statutes. Consequently, Intro 22A of the City's Human Right Law will clearly give Plaintiff a full hearing on the merits.

43. This Defendant City of New York's outrageous and malicious conduct, done with regard to Plaintiff's civil rights will allow him to be heard on Plaintiff's allegations.

44. In addition to Defendant's outrageous behavior with regard to discrimination in the workplace, Defendant City of New York has retaliated against Plaintiff by creating a retaliatory environment for taking action under the provisions of

EEOC. Once Plaintiff filed a complaint against the City (HPD) with the Commission, Defendant started fabricating untruthful performances at work. Prior to Plaintiff's complaints there had been "no" negative evaluations or commentary about his job performance.

45. Specifically, Defendant, through its counsel, used materials which it made in response to Plaintiff's charges in an EEOC mediation to hamper Plaintiff's movement, for any jobs after the mediation ended, thereby continuing to retaliate and create a hostile work environment. Defendant has also violated City Personnel and Labor regulations, by failing to interview for some of these said positions.

46. By acting as described herein, Defendant acted with malice or recklessness, causing Plaintiff to undergo intimidation, a hostile and offensive work environment, causing Plaintiff monetary damages and emotional injuries and numerous other activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all parties in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Race, or Age.

B. An order requiring that the Defendant hire Plaintiff to one of the promotions which he applied for and was not interviewed for, with full seniority, status, salary, increments, bonuses and benefits to the same extent he would have received, but

for Defendant's unlawful conduct; along with an opportunity to be fully interviewed and considered for any other promotions.

    C.    Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Americans of Latino and African extraction as well as older Americans.

    D.    Order the Corporation to make whole Javier Jimenez, by providing back-pay with pre-judgment and post-judgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, promotion into the previous management position, or front pay in lieu thereof.

    E.    Award Plaintiff compensatory damages for past and future pecuniary losses and for non-pecuniary losses in the amount of $500,000.00.

    F.    An award of punitive damages.

    G.    Grant reasonable attorney fees to Plaintiff.

    H.    Award the Plaintiff his costs and expenses incurred in pursuing this action.

    I.    Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all triable by jury.

Respectfully submitted,

*(signature)*
PAMELA D. HAYES, ESQ.
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (telephone)
(212) 980-2969 (fax)
pdhayesesq@aol.com

*Attorney for Plaintiff*


DATED:   New York, New York
         December 18, 2006


TO:   Clerk of Court
      United States District Court
      Southern District of New York

      Corporation Counsel, City of New York
      100 Church Street
      New York, New York 10007

# EXHIBIT A

| Posting Number | Civil Service Title | Salary | |
|---|---|---|---|
| 806-01-071 | Adm. Staff Analyst | 39,154-79,932 | |
| 806-01-107 | Director TIL (") | | |
| 806-01-137 | Adm. Procurement Analyst | 55,000-75,000 | |
| 806-02-057 | Adm. Staff Analyst | 43,306 -85,845 | |
| 806-02-062 | Adm. Staff Analyst | 70,000 – 90,000 | |
| 806-02-087 | Adm. Staff Analyst | 45,312 -70,549 | |
| | Sr. Research Assoc. | 50,000 – 60,000 | |
| 806-03-015 | Adm. Project Director | 42,349-86,454 | |
| 806-03-016 | Adm. Project Director | 46,840-92,850 | |
| 806-03-024 | Housing Development Spec. 2 | 48,381-66,597 | |
| 806-03-066 | Adm. Staff Analyst M4 | 70,000 – 90,000 | |
| 806-04-038 | Adm. Staff Analyst | 65,000-72,000 | |
| 806-04-078 | Adm. Staff Analyst NM | 45,312-70,549 | |
| 806-04-090 | Adm. Staff Analyst NM | 45,312-70,549 | |
| 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 | Associate Staff Analyst | 50,847-70,549 | |
| 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 | Staff Analyst | 44,983- 53,684 | |
| 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 | Adm. Housing Dev. Spec. M3 | 80,000-100,000 | |
| 806-05-015 | Adm. Project Director M1 | 65,000-75,000 | |
| 806-05-021 | Assistant Commissioner | 95,000-112,000 | |
| 806-05-023 | Associate Staff Analyst | 50,847-70,549 | |
| 806-05-036 | Adm. Staff Analyst M3 | 80,000-100,000 | |
| 806-05-040 | Adm. Staff Analyst M2 | 65,000-85,000 | |
| 806-05-046 | Adm. Staff Analyst NM | 47,604-74,118 | |
| 806-05-132 | Adm. Staff Analyst NM | 47,604-74,118 | |
| 806-05-137 | Associate City Planner | | |
| 806-05-155 | Adm. Staff Analyst M2 | 60,000-70,000 | |
| 806-05-198 | Adm. Staff Analyst NM | 47,604-74,118 | |
| 806-06-010 | Associate Staff Analyst | 49,778-74,118 | |
| 806-06-038 | Adm. Staff Analyst M4 | 80,000-110,000 | |
| 806-06-052 | Adm. Housing Specialist | 79,000-90,000 | |
| 806-06-055 | Associate Staff Analyst | 49,778-74,118 | |
| 806-06-059 | Adm. Staff Analyst | 65,000-85,000 | |
| 806-06-093 | Adm. Staff Analyst | 90,000-100,000 | |
| 806-06-100 | Adm. Housing Dev. Spec. | 76,511-96,817 | |
| 806-06-108 | Associate Staff Analyst | 65,000-75,000 | |
| 806-06-118 | Associate Staff Analyst | 65,000-75,000 | |

| | | | |
|---|---|---|---|
| 806-06-147 | Housing Development Specialist | $48,270-$71,306 | |
| 806-06-156 | Adm. Housing Dev. Specialist | $100,000-$120,000 | |
| 806-06-170 | Legislative Assistant | $90,000-$100,00 | |
| 806-06-180 | Adm. Housing Dev. Spec. M1 | $60,000-$80,000 | |
| 806-06-189 | Asociate Staff Analyst | | |
| * | Adm. Manager M2 | $75,000-$100,000 | Int. 7/10 |
| 806-07-033 | Administrative Manager M1 | $55,000-$80,000 | |
| 806-07-034 | Associate Staff Analyst | $51,396-$76,527 | |
| 806-07-056 | Assistant Commissioner | $100,000-$120,000 | |
| 806-07-096 | Administrative Housing Specialist M2 | $75,000-85,000 | |

(rows 806-07-033 through 806-07-096 are crossed out)

# EXHIBIT B

EEOC Form 161 (3/98)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Javier Jimenez<br>215 Adam Street<br>Apt. 15f<br>Brooklyn, NY 11201 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-01954 | V. Guest, Investigator | (212) 336-3620 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_    SEP 27 2006

Spencer H. Lewis, Jr.,
Director

Enclosures(s)                                    (Date Mailed)

cc:  NYC DEPT OF HOUSING PRESERVATION & Dev.        Pamela D. Hayes, Esq.
     Paul Schreiber, Esq.                           200 West 57th Street, Suite 900
     100 Gold Street 6th Floor                      New York, New York 10019
     New York, NY 10038